Ex Parte A. B. Moneyhun.

No. 21164. Delivered May 22, 1940.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The proceeding arose in the District Court, 42nd Judicial District, Taylor County. The Attorney General had instituted proceedings and secured an injunction against the relator, restraining him from selling any intoxicating liquors in violation of law. He was later, upon further proceeding, adjudged in contempt of court and the purpose of this proceeding is to release him from that order which was entered on the 12th

day of April, 1940, assessing a fine of $100.00 and three days in jail.

The Supreme Court of Texas has jurisdiction of habeas corpus proceedings growing out of civil actions, Art. 5, Sec. 3, Constitution of Texas. The Court of Criminal Appeals has jurisdiction to issue a writ of habeas corpus to release one illegally restrained of his liberty, Art. 5, Sec. 5, of the Constitution of Texas. This court, however, has held that where the two courts have concurrent jurisdiction and, where the matter out of which the proceedings arise is civil, that this court will decline to pass on the question and that it should properly be presented to the Supreme Court. This seems to be proper under Art. 1737, R. C. S. Ex parte Wolf, 34 S. W. (2d) 277 and authorities there cited; 21 Tex. Jur. 422.

The appeal is dismissed.